UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

ARLENE T. OSBORNE, Individually,

    Plaintiff,

vs.

CASE NO. 6:11-cv-1971-Orl-35KRS

FOURTEEN HUNDRED OFFICE
CONDOMINIUM, INC., a Florida non-profit
corporation,

    Defendant.

_____/

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, ARLENE T. OSBORNE, individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, FOURTEEN HUNDRED OFFICE CONDOMINIUM, INC., a Florida non-profit corporation (sometimes referred to as "Defendant" or "Association"), for Injunctive Relief, and attorney's fees, litigation expenses and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. ("ADA"), and Florida Accessibility Code ("FAC").

1.    Plaintiff is a Florida resident living in Orange County, Florida over the age of eighteen (18) years. Plaintiff qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate with a prescribed walker or in a wheelchair.

2.    Defendant is an Association and the owner or operator of all the common areas at an office condominium project located at 1400 East Michigan Street in Orange County, Florida within the Middle District of Florida. The Defendant Association is responsible to various

1415334\1

commercial unit owners for maintenance and operation of the common areas. The commercial unit owners consist of various businesses engaged in commerce and providing services to the public (*e.g.* legal, accounting, medical, beauty, etc.). The property is known as Fourteen Hundred Office Condominium.

     3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in the Orlando Division of this judicial district.

     4. Pursuant to 28 U.S.C. §§1331 and 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. *See also* 28 U.S.C. §2201 and §2202.

     5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC compliant. Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of her disability and have endangered her safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

     6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if she wishes to do so free of discrimination.

1415334\1

7. Defendant owns, leases, leases to or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns, operates, leases or leases to others is a two-story commercial office building located at 1400 East Michigan Street, Orlando, Florida 32806 consisting of sixteen (16) condominium units whose various owners are members of Defendant Association and who are engaged in commerce offering services to members of the public.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's noncompliance with the ADA and FAC with respect to the subject property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to visit the property at issue not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and FAC so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property as prohibited by 42 U.S.C. §12182, et. seq.

10. Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has ten or fewer employees and gross receipts of $500,000.00 or less). A preliminary inspection of Defendant's property has shown that violations exist. These violations include, but are not limited to the following:

**Parking**. Despite having 32 parking spaces at Defendant's commercial office property, Defendant has not provided a single handicapped parking space as required by the ADA. Disabled individuals visiting Defendant's property will search in vain for handicapped parking spaces. Defendant's property is required to have a minimum of two (2) accessible parking stalls meeting ADA and FAC requirements.

There is not an accessible route from the parking lot to the building entrance. In violation of ADAAG 4.1.2.1., the only accessible routes to the building entrance are by vehicle route.

There is a change of level exceeding one-quarter (1/4) inch from the asphalt to the existing facility entrance in violation of ADAAG 4.5.2. There is not a continuous accessible route of travel from one end of the commercial office building to the other in violation of ADAAG 4.1, 4.3.

The inadequate curb ramps provided have slopes exceeding 1:12 maximum in violation of ADAAG 4.8.2.

The flared sides exceed 1:10 in violation of ADAAG 4.7.

The hardware provided on the entrance doors requires tight grasping/tight pinching in violation of ADAAG 4.13.

There is not at least one accessible route complying with ADAAG 4.3 which is to be provided within the boundary of the site from public transportation stops which are provided in public streets or sidewalks to an accessible building entrance in violation of ADAAG 4.1.2.1.

**Entrance Access and Path of Travel (Interior)**. The entrance doors to the commercial spaces are not automatic or power-assisted and do not have a maneuvering space relative direction per Fig. 25 in violation of ADAAG 4.13.6.

The hardware on the doors is not acceptable due to pinching and twisting in violation of ADAAG 4.13.

1415334\1

4

Alleged accessible routes in the facilities are less than 36 inches wide in violation of ADAAG 4.3.

11. The discriminatory violations described in paragraph 10 above are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of Defendant's place of public accommodations in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all barriers to access. Plaintiff, and all the other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA and FAC violations as set forth above. Plaintiff and all other similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of noncompliance with the ADA and FAC.

12. Defendant has discriminated against Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181, *et. seq.*, and 28 C.F.R. 36.302, *et. seq.* Furthermore, Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or combinations to individuals with disabilities and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

1415334\1

5

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 C.F.R. 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402, if Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then Defendant's facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has ten or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by Plaintiff or waived by Defendant.

16. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an Order to require Defendant to alter its commercial property to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

(a) The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.*, and FAC.

(b) Injunctive Relief against the Defendant, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC and to require the Defendant to make reasonable modifications and policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or combinations to individuals with disabilities and by taking such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than any other individuals because of the absence of auxiliary aids and services.

(c) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

(d) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

_____
MICHAEL R. GIBBONS
Florida Bar No. 0864625
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: 407-843-4600
Facsimile: 407-843-4444
michael.gibbons@lowndes-law.com