UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARLENE T. OSBORNE, Individually,

    Plaintiff,

vs.                                         CASE NO. 6:11-cv-1971-Orl-36KRS

FOURTEEN HUNDRED OFFICE
CONDOMINIUM, INC., a Florida non-profit
corporation,

    Defendant.

_____/

**AMENDED COMPLAINT**
**(Injunctive Relief Demanded)**

    Plaintiff, ARLENE T. OSBORNE, individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, FOURTEEN HUNDRED OFFICE CONDOMINIUM, INC., a Florida non-profit corporation (sometimes referred to as "Defendant" or "Association"), for Injunctive Relief, and attorney's fees, litigation expenses and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. ("ADA"), and Florida Accessibility Code ("FAC").

    1.    Plaintiff is a seventy-two (72) year old resident of Orange County, Florida. Plaintiff qualifies as an individual with disabilities as defined by the ADA. As a result of debilitating arthritis, Plaintiff ambulates with the aid of a prescribed walker or hoveround. Plaintiff has been issued a handicap decal by the Florida Department of Motor Vehicles for over ten (10) years.

    2.    Defendant is a commercial Association and the operator of all the common areas at an office condominium project located at 1400 East Michigan Street in Orange County,

Florida within the Middle District of Florida. The Association was created by a recorded Declaration of Condominium in order to act as agent for the related commercial condominium unit owners for purposes of operating and maintaining the common areas of the condominium development. The common areas consist primarily of a parking lot and sidewalk outside of the entrance doors to the various commercial condominium units.

3. The commercial condominium unit owners consist of primarily professional businesses (*e.g.* four lawyers' offices, a dentist's office, and an accountant's office). Additionally, other commercial units are owned by a web design company, an education specialist, a hair salon and a photographer. Each of the commercial condominium unit owners is a public accommodation under the ADA. *See* 42 U.S.C. §12181(7)(F).

4. The Association operates and maintains, for the benefit of its related commercial unit owner members, the real property common areas providing access to the public accommodations. The Association is also a public accommodation under Title III of the ADA. The Department of Justice has previously determined that a commercial association responsible for managing and operating a common area providing access to a professional office building is a public accommodation within the meaning of Title III of the ADA.

5. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in the Orlando Division of this judicial district.

6. Pursuant to 28 U.S.C. §§1331 and 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq. *See also* 28 U.S.C. §2201 and §2202.

7. On December 6, 2011, Plaintiff visited the commercial condominium development at issue and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC compliant. Plaintiff, due to the presence of architectural barriers, was unable to access the hair salon (Salon 1454) during this visit while utilizing her prescribed walker. Plaintiff and her daughter recently made an appointment for a haircut and color at Salon 1454 scheduled for January 19, 2012 at 1:30 p.m.

8. Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of her disability and have endangered her safety. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.

9. Defendant operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant operates consists of the common areas providing parking spaces and essential access to each of the commercial condominium unit owners.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's noncompliance with the ADA and FAC with respect to the subject property as described but not necessarily limited to the allegations in paragraph 12 of this Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to

discrimination in violation of the ADA by Defendant and its related unit owners. By way of example, shortly after her hair appointment was scheduled with the hair salon owner, and after counsel for Plaintiff informed Association counsel that Ms. Osborne had an appointment at the hair salon, the hair salon owner, Joyce Hunter, abruptly cancelled the appointment for no credible reason. Plaintiff desires to visit the property at issue not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and FAC so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property as prohibited by 42 U.S.C. §12182, et. seq.

12. Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has ten or fewer employees and gross receipts of $500,000.00 or less). A preliminary inspection of Defendant's property has shown that violations exist. The Association has failed to remove architectural barriers in the common areas it operates and manages leading to the following ADA violations:

### Common Area ADA Violations

(a) There are zero accessible parking spaces among the thirty-two (32) striped parking spots in the common area maintained and operated by the Association for two (2) decades since the original passage of the ADA. The parking lot is required to have a minimum of two (2) accessible parking stalls meeting ADA and FAC requirements.

(b) There is not an accessible route from the parking lot to the entrances of the various commercial condominium units. In violation of ADAAG 4.1.2.1, the only routes to the building entrances are by vehicle route.

(c) There is a change of level exceeding one-quarter (1/4) inch from the asphalt to the existing facility entrance in violation of ADAAG 4.5.2.

(d) There is not a continuous accessible route of travel from one end of the commercial office building to the other in violation of ADAAG 4.1, 4.3.

(e) The inadequate curb ramps provided have slopes exceeding 1:12 maximum in violation of ADAAG 4.8.2.

(f) The flared sides of the curb ramps exceed 1:10 in violation of ADAAG 4.7.

(g) There is not at least one (1) accessible route complying with ADAAG 4.3, which is to be provided within the boundary of the site from public transportation stops which are provided in public streets or sidewalks, to an accessible building entrance in violation of ADAAG 4.1.2.1.

13. The Association is responsible for operating and maintaining the real property where each of the foregoing ADA violations exists. No single unit owner has responsibility for operation and maintenance of the common areas including the parking lot and the Association is the only entity and public accommodation responsible for maintaining and operating the entirety of the common areas at the commercial condominium development.

14. The primary duty of the Association (*i.e* operating and maintaining common areas for the related unit owners) relates to providing facilities to the general public including the disabled public.

15. The discriminatory violations described in paragraph 12 above are not an exclusive list of the Defendant's ADA and FAC violations. Additional examples of ADA violations may be included in Plaintiff's expert report. Plaintiff, and all the other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA and FAC violations as set forth above. Plaintiff and all other similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein.

16. Defendant has discriminated against Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181, *et. seq.*, and 28 C.F.R. 36.302, *et. seq.* Furthermore, Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or combinations to individuals with disabilities and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 C.F.R. 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. *See* 28 C.F.R. 36.402.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has ten or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by Plaintiff or waived by Defendant.

20. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an Order to require Defendant to alter its commercial property to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

(a) The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.*, and FAC.

(b) Injunctive Relief against the Defendant, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC and to require the

Defendant to make reasonable modifications and policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or combinations to individuals with disabilities and by taking such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than any other individuals because of the absence of auxiliary aids and services.

(c) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

(d) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/s/ *Michael R. Gibbons*
MICHAEL R. GIBBONS
Florida Bar No. 0864625
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: 407-843-4600
Facsimile: 407-843-4444
michael.gibbons@lowndes-law.com
*Attorneys for Plaintiff, Arlene T. Osborne*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2012, I electronically filed the foregoing with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notices from the Court under the CM/ECF system.

/s/ *Michael R. Gibbons*
Michael R. Gibbons